## Fisher, Appellant, *v.* Reading Realty Company.

*Vendor and vendee—Articles of sale—Real estate—Covenants—"Good and complete" title—Assessment for sewer—Municipal claims.*

Where articles for the sale of real estate provide that taxes for the year preceding and years prior to that, shall be paid by the vendor, but no mention is made of an assessment for a sewer under construction, the amount of which could not be ascertained until long after the date of the agreement, the vendor is not liable under a covenant in the agreement providing for the title "to be good and complete," to repay to the vendee the amount of such assessment paid by the latter after it was levied.

Argued Nov. 10, 1908.   Appeal, No. 83, Oct. T., 1908, by plaintiff, from order of C. P. Berks Co., Feb. T., 1908, No. 31, discharging rule for judgment for want of a sufficient affidavit of defense in case of William E. Fisher v. Reading Realty Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a covenant in articles for sale of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

ENDLICH, J., filed an opinion which was in part as follows:

By articles dated March 21, 1907, the defendant sold to plaintiff real estate therein described, the stipulated consideration being the payment of $1.00 in cash, the conveyance of a certain property as the equivalent of $2,450, and the execution of a first and second mortgage to secure the balance of the price agreed,—"settlement to be made within 5 days from the date hereof,"—"taxes in full for the year 1906 and previous to be paid by present owners,"—and "title to be good and complete."   At the date of the agreement a house sewer was in process of construction by the city of Reading along the street upon which the land sold to plaintiff fronts.   The ordinance authorizing the work and directing the assessment of the cost upon abutting properties had been passed August 7,

1905. The amount chargeable against this particular property was not ascertained or ascertainable until long after the date of the transaction, and was finally paid by plaintiff,— namely on November 9, 1907, $542.55, and on December 5, 1907, $95.21. This suit is brought upon the articles of sale to recover these amounts, with interest, from defendant on the ground that the cost of the sewer construction along the property was a lien upon it at the time of the sale; that in covenanting to convey a "good" title defendant covenanted against all incumbrances: Doebler v. Rank, 3 Pa. Dist. Rep. 494, per McPHERSON, J., including this lien; and that plaintiff's payment of it in order to clear the property entitles him to reimbursement by defendant, on the principle recognized in Funk v. Voneida, 11 S. & R. 109, and similar cases.

The plaintiff's contention seems to be untenable on two grounds. (1) Assuming that the city's lien for the cost of the sewer attached to the property at the time of the sale, a fair construction of the entire agreement leads to the conclusion that the covenant for a good title was not designed to apply to such lien. (2) At the time of the sale there was no lien in favor of the city upon the property for the cost of the sewer, to which the covenant could apply.

Every contract must be understood with reference to its subject-matter: Blakely v. Sousa, 197 Pa. 305; and every contract whose meaning is not so positively fixed by its language taken as a whole: Dame, Seymour & Co.'s App., 62 Pa. 417, as to exclude the office of interpretation under the maxim absoluta sententia expositore non eget, is to be construed in the light of the situation of the parties and the circumstances and relations of the property in regard to which they have negotiated: Wilson v. Wernwag, 217 Pa. 82. The subject-matter of the contract involved in this case was a tract of land in a city fronting upon a street, in which, visibly to all concerned and in pursuance of an ordinance known to all concerned, a municipal improvement was going on, the cost of which would eventually have to be borne by the property to an amount not presently ascertainable. From this incomplete improvement neither the property nor its owner, the defendant, had

at the time derived any advantage; nor, at least under the then existing law, with reference to which the parties must have dealt: Snyder v. Leibengood, 4 Pa. 305; Western Nat. Bank's App., 102 Pa. 1731; Burnett v. R. R. Co., 176 Pa. 45; Silk Mfg. Co. v. Reilly, 187 Pa. 526, was there then or could there at any time be any personal liability by reason of it upon the defendant: Theobald v. Sylvester, 27 Pa. Superior Ct. 362, the charge being against the property itself: Wolf v. Philadelphia, 105 Pa. 25; Gimber's Est., 15 Pa. Dist. Rep. 59, the benefit to which from the improvement would accrue only upon its completion and be enjoyed by the plaintiff. When in these circumstances the parties agreed that "settlement" of the transaction contemplated by their articles should be made within five days from their date including of course the transfer of a "good and complete title" to plaintiff, it appears not only unreasonable to suppose but highly improbable that any covenant against incumbrances was understood or intended to relate to the liability of the property for the cost of the sewer in process of construction. If it was, then this transaction must be regarded as unique in that one party to it undertook to pay for something in respect to which there was no personal liability upon him and the whole benefit of which inured to the other party, and that both parties deliberately agreed upon something which both knew to be impossible. The likelihood that they did not understand the covenant against incumbrances to apply to the sewer charge is, however, converted into a legal certainty by the express provision for the payment of the taxes of 1906 and previous years. The unpaid city taxes for those years were liens upon the property quite as much as the cost of the sewer, and were liens of the same character; for charges for municipal improvements are a species of taxes: Park Ave. Sewers, 169 Pa. 433. The express provision for the discharge of the property from a specific incumbrance belonging to the general class to which the one in question equally belongs makes it very clear that the covenant for a good title, broad enough to cover both, was not understood or intended to cover either. Otherwise the express provision would have to be regarded as meaningless surplusage, which

on familiar principles of interpretation is not allowable.   On the contrary, seeing that the parties did not look upon the general covenant against incumbrances as embracing municipal claims arising from the exercise of the power of taxation, the rule applies that the language of a covenant, no matter how broad or comprehensive, is to be treated as restricted to that which the parties had and as excluding that which they had not in view: Case v. Cushman, 3 W. & S. 544; Smith's Est.; 210 Pa. 604.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*John B. Stevens,* with him *C. H. Ruhl,* for appellant.

*Cyrus G. Derr,* with him *Paul H. Price,* for appellee.

PER CURIAM, February 26, 1909:

This is an appeal by plaintiff from the discharge of the rule for judgment for want of a sufficient affidavit of defense.   The legal questions are clearly stated in the opinion filed by the learned judge below.   As we view the case it is not necessary to decide at this time whether the city's claim was or was not an incumbrance upon the property at the time of the agreement and settlement thereunder.   For even if it was, we think the learned judge has shown quite clearly that a fair construction of the entire agreement leads to the conclusion that the covenant upon which the plaintiff relies was not intended to apply to such a claim.   We deem it unnecessary to add anything to what he has said in support of that conclusion.

The appeal is dismissed at the costs of the plaintiff, without prejudice to his right to a jury trial and a second appeal after final judgment.